COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DEBRA L. MCMENIMEN

v.   Record No. 1863-95-4                     MEMORANDUM OPINION[*]
                                                   PER CURIAM
COUNTY OF STAFFORD FIRE &                     JANUARY 30, 1996
 RESCUE EMERGENCY SERVICES


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Michael A. Kernbach; Jack T. Burgess & Associates,
          on brief), for appellant.

          (John M. Poma; Midkiff & Hiner, on brief), for
          appellee.


     Debra L. McMenimen ("claimant") contends that the Workers'

Compensation Commission erred in finding she did not prove that

her psychiatric condition was causally related to her February 18,

1992 compensable injury by accident to her right arm.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins,

10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "General

principles of workman's compensation law provide that '[i]n an

application for review of any award on the ground of change in

condition, the burden is on the party alleging such change to

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission denied claimant's application on the ground that her evidence failed to prove that her psychiatric condition, suicide attempts and hospitalizations were causally related to her work-related injury. In so ruling, the commission found as follows:

> At the hearing, [claimant's] treating psychiatrist, Dr. Martin H. Stein, changed his opinion and testified that [claimant's] chronic pain or reflex sympathetic dystrophy was the triggering condition which led to her disabling depression, phobia and self-destructive behavior. However, on cross-examination, Dr. Stein stated, "I don't know, you know, its hard to know what the origin of the depression is . . . . I told you that's a hypothesis. I don't know if that is exactly the answer, okay?" We are not of the opinion that Dr. Stein opined with a degree of medical certainty that the etiology of the claimant's depression was her work-related injury. None of [claimant's] other physicians have opined that her psychiatric condition and/or self destructive behavior was causally related to her work-related injury.
>     The medical record establishes a plethora of other factors which may have contributed to the claimant's psychiatric problems. [Claimant] told her medical care professionals about her perceived harassment prior to her work injury which, in her opinion, continued

2

after her injury. [Claimant] believed the County was "out to get her." She was afraid to go anywhere near her office. Additionally [claimant] believed her ex-husband was trying to kill her and her child.

These factual findings are consistent with the medical records, Dr. Stein's testimony, and claimant's testimony, and they support the commission's decision. In light of Dr. Stein's uncertainty, the change from his initial opinion concerning causation, and the numerous other stressors in claimant's life which may have caused her condition, the commission, in its role as fact finder, was entitled to give little weight to Dr. Stein's opinion. Moreover, as the commission correctly noted, none of the other physicians who examined or treated claimant opined that her psychiatric condition was caused by her work-related right arm injury. In fact, several of these physicians indicated that claimant's psychiatric condition was probably caused by other factors, including perceived harassment by her supervisor at work.

Based upon the lack of persuasive medical evidence showing a causal connection between claimant's psychiatric condition and her work-related injury, we cannot find as a matter of law that claimant met her burden of proving that her psychiatric condition was caused by her February 18, 1992 right arm injury. Accordingly, we affirm the commission's decision.

Affirmed.

3